UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

Tamer Essa, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                               *Plaintiff,*

                            -*against*-

Pizza Chef, Inc., Reyed Restaurant Corp., Moustafa M. Ayad, Edward Shapiro, Peter Coakley, and Sam Elsendiouny,

                               *Defendants.*

-----------------------------------------------------------------------X

Index No.:

**COMPLAINT**

Plaintiff Tamer Essa ("Plaintiff" or "Essa"), on behalf of himself and others similarly situated, by and through the undersigned attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Pizza Chef, Inc., Reyed Restaurant Corp. (the "Corporate Defendants), Moustafa M. Ayad, Edward Shapiro, Peter Coakley, and Sam Elsendiouny (the "Individual Defendants", and collectively, the "Defendants"), and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the FLSA, and violations of Articles 6 and 19 of the NYLL and their supporting NYDOL regulations.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

1

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF TAMER ESSA**

6. Plaintiff Essa was employed as a pizzaman at Defendants' pizzeria known as "Pizza Chef" located at: (i) 153-81 Cross Island Pkwy, Whitestone, NY 11357.

7. Plaintiff Essa was employed as a non-managerial employee at Pizza Chef from on or around October 2023 to, through and including, March 10, 2024.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT PIZZA CHEF, INC.**

9. Upon information and belief, Defendant Pizza Chef, Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at: (i) 153-81 Cross Island Pkwy, Whitestone, NY 11357, and alternate addresses at: (ii) 1689 East 52nd Street, Brooklyn, NY, 11234; (iii) 1512 Fulton Street, Brooklyn, NY, 11216; and (iv) 2 Bay Club Dr., Bayside, NY, 11360.

10. At all times relevant to this Complaint, Defendant Pizza Chef, Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

11. At all times relevant to this Complaint, Defendant Pizza Chef, Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

12. At all times relevant to this Complaint, Defendant Pizza Chef, Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

13. Defendant Pizza Chef, Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

14. Defendant Pizza Chef, Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT REYED RESTAURANT CORP.**

15. Upon information and belief, Defendant Reyed Restaurant Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at: (i) 153-81 Cross Island Pkwy, Whitestone, NY 11357, and alternate addresses at: (ii) 1689 East 52nd Street, Brooklyn, NY, 11234; (iii) 1512

Fulton Street, Brooklyn, NY, 11216; and (iv) 2 Bay Club Dr., Bayside, NY, 11360.

16. At all times relevant to this Complaint, Defendant Reyed Restaurant Corp.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

17. At all times relevant to this Complaint, Defendant Reyed Restaurant Corp. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

18. At all times relevant to this Complaint, Defendant Reyed Restaurant Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

19. Defendant Reyed Restaurant Corp. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

20. Defendant Reyed Restaurant Corp. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT MOUSTAFA M. AYAD**

21. Defendant Moustafa M. Ayad is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22. Defendant Moustafa M. Ayad is sued individually and in his capacity as an owner,

officer and/or agent of the Corporate Defendants.

23. Defendant Moustafa M. Ayad possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

24. Defendant Moustafa M. Ayad determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25. At all times relevant to this Complaint, Defendant Moustafa M. Ayad was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT EDWARD SHAPIRO**

26. Defendant Edward Shapiro is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

27. Defendant Edward Shapiro is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

28. Defendant Edward Shapiro possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

29. Defendant Edward Shapiro determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

30. At all times relevant to this Complaint, Defendant Edward Shapiro was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT PETER COAKLEY**

31. Defendant Peter Coakley is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

32. Defendant Peter Coakley is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

33. Defendant Peter Coakley possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

34. Defendant Peter Coakley determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

35. At all times relevant to this Complaint, Defendant Peter Coakley was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT SAM ELSENDIOUNY**

36. Defendant Sam Elsendiouny is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

37. Defendant Sam Elsendiouny is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

38. Defendant Sam Elsendiouny possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

39. Defendant Sam Elsendiouny determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

40. At all times relevant to this Complaint, Defendant Sam Elsendiouny was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

41. Defendants own, operate and/or control the pizzeria known as "Pizza Chef" located at 153-81 Cross Island Pkwy, Whitestone, NY 11357.

42. The Individual Defendants possess operational control over the Corporate Defendants, possess an ownership interest in the Corporate Defendants, and control significant functions of the Corporate Defendants.

43. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

44. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

45. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

46. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

47. Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fail to operate the Corporate Defendants entities legally separate and apart from themselves, by, among other things

7

a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendants separate and legally distinct entities;

b. defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c. transferring assets and debts freely as between all Defendants;

d. operating the Corporate Defendants for their own benefit as the majority shareholders;

e. operating the Corporate Defendants for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

f. intermingling assets and debts of their own with the Corporate Defendants;

g. diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

h. other actions evincing a failure to adhere to the corporate form.

48. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

49. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

50. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

51. Plaintiff and other similarly situated individuals all shared similar job titles,

8

training, job descriptions and job tasks, during the statutory period.

52. Plaintiff was an employee of Defendants.

53. Plaintiff was employed as a pizzaman at Defendants' pizzeria known as "Pizza Chef" located at 153-81 Cross Island Pkwy, Whitestone, NY 11357.

54. From approximately October 2023 to, through and including, February 10, 2024, Plaintiff worked six (6) days per week, from 10:00 a.m. to 9:00 p.m. (*i.e.*, 11 hours per day) for a total period of approximately 66 hours during each of the weeks, respectively.

55. From approximately February 11, 2024 to, through and including, March 10, 2024, Plaintiff worked four (4) days per week, from 10:00 a.m. to 7:00 p.m. or 9:00 p.m. (*i.e.*, 9 to 11 hours per day) for a total period of approximately 36 to 44 hours during each of the weeks, respectively.

56. From approximately October 2023 to, through and including, December 2023, Plaintiff was paid a flat rate of $18 per hour, regardless of how many hours he worked each week.

57. From approximately January 2024 to, through and including, March 10, 2024, Plaintiff was paid a flat rate of $20 per hour, regardless of how many hours he worked each week.

58. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

59. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

60. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

61. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

62. Defendants did not give any notice to Plaintiff of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

63. Defendants' failure to provide accurate wage notices and accurate wage statements denied Plaintiff their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

64. Moreover, Defendant's breach of these obligations injured Plaintiff by denying Plaintiff the right to know the conditions of their compensation, resulting in the underpayment of wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

65. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to pizzamans) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

66. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wages for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

67. The First Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the

FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

68. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

69. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

70. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

71. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

72. Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the FLSA.

73. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

74. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

75. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

76. Plaintiff is a covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

77. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

78. Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the NYLL.

79. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

80. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Spread-of-Hours Pay)

81. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

82. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

83. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 et seq. of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

84. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the

action and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

85. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

86. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

87. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

88. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FIFTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

89. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

90. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name

13

of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

91. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully request that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the FLSA Collective Plaintiff;

d. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

f. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g.  awarding Plaintiff unpaid overtime wages;

h.  awarding Plaintiff unpaid spread-of-hours pay;

i.  awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

j.  awarding unpaid wages under the NYLL;

k.  awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

l.  awarding Plaintiff pre- and post-judgment interest under the NYLL;

m.  awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

n.  Such other relief as this Court deems just and proper.

Dated: New York, New York
       July 3, 2024

Respectfully submitted,

By: /s/ Joshua Levin-Epstein
    Joshua Levin-Epstein
    Jason Mizrahi
    Levin-Epstein & Associates, P.C.
    60 East 42nd Street, Suite 4700
    New York, New York 10165
    Tel. No: (212) 792-0046
    Email: Joshua@levinepstein.com
    *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*